[Crim. No. 173.   Fourth Appellate District.—October 23, 1934.]

THE PEOPLE, Respondent, v. R. M. HANCOCK et al., Appellants.

Frederick E. Hoar for Appellants.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendants, brothers, were jointly charged with the crime of misdemeanor, to wit, petty theft, with two prior convictions of felony. It was charged in the information that on March 19, 1934, they unlawfully took certain designated property of a named person of the value of $25. It was further alleged that one of the defendants had suffered a prior conviction for forgery, the other one for grand theft, and that both had theretofore been convicted of a violation of section 593 of the Penal Code. The defendants admitted the prior convictions and pleaded not guilty to the charge of petty theft. They were convicted by a jury and have appealed from the judgment and from an order denying their motion for a new trial.

The only point raised is that the court erred in denying the motion for a new trial, which was based upon the contention that the jury had received evidence out of court other than that resulting from a view of the premises. In support of the motion for a new trial there was introduced the affidavit of one of the jurors to the effect that during the progress of the trial she had read an article which appeared in a local newspaper, reading as follows:

"Petty Theft Counts May Lead to Prison. R. M. Hancock and Clarence Hancock went on trial today before Superior Judge Allan B. Campbell charged with petty theft. The state alleges they stole a rifle and clothing belonging to Martin Bengocheas. In the state's information it is also alleged the defendants have been convicted of other felonies. Should a conviction result from the petty theft charge the defendants will be liable to sentence under the habitual criminal act, according to the district attorney's office. Attorney Fred Hoar is representing the defendants and Norman Main, deputy district attorney, is prosecuting for the state."

In opposition thereto, the district attorney filed an affidavit by this same juror to the effect that while she had read this item in the newspaper the reading of the same did not affect her decision as a juror in this case, that she did not take the same into consideration, and that to the best of her knowledge and belief said news item did not in any way influence any of the other jurors in arriving at their verdict. It is argued that while this matter could not have been considered as first presented to the trial court under the rule that jurors will not be heard to impeach their own verdict, that rule has no application here since the matter now appears from an affidavit of the juror filed by the district attorney in support of the verdict.

The contention is that prejudicial error appears because the jury were informed by this newspaper item that both appellants had suffered prior convictions, which fact could not legally have been brought to the attention of the jury since neither of them took the witness-stand. It is further argued that the statement in the newspaper item to the effect that the appellants, if convicted, would be subject to sentence under the Habitual Criminal Act is not true since one prior conviction of each appellant was for a violation

of section 593 of the Penal Code and the crime therein denounced is not one of those mentioned in section 644 of that code.

It may first be observed that the newspaper item in question does not state, as a fact, that the appellants had been convicted of other felonies. It is merely stated that the state had alleged that this was true and the statement as to the possible punishment was attributed to the district attorney's office. If they considered the matter at all, it may well be that the jurors thought the charge of prior convictions had been abandoned as no proof was offered concerning the same and nothing was said with regard thereto during the trial, and the court instructed them that they were to consider only the evidence which had been introduced, and that they were not to take into consideration the degree of punishment that might be imposed. Again, these matters, if considered at all by the jury, may well have been beneficial to the appellants since a jury might naturally be reluctant to brand them as habitual criminals when such a small amount was here involved. There is no showing that the reading of this newspaper item was prejudicial to the appellants and the only direct showing in the record is to the contrary, as the juror referred to alleged that she had not considered the same and that the same had not affected her verdict.

Assuming that this incident might be held prejudicial in a close case, no such situation is here presented. The appellants concede that under section 4½ of article VI of the Constitution the question here presented "depends largely on the court's opinion as to whether as 'respondent claims the evidence introduced was as clear and convincing of (defendants') guilt as could be possible' and that irrespective of the error the jury must necessarily have found the defendants guilty". It is then argued that there was nothing improbable in the defense of innocent possession of the stolen property and that the jury might have accepted as true the testimony offered by the appellants in support thereof, had it not been for this prejudicial matter. Several witnesses for the appellants testified to the effect that they had heard a third party tell one of the appellants a few days before the appellants were arrested that he wanted "to store some stuff over to your house" and that shortly after

the appellants were arrested this third party told them that he wanted to get some "stuff" he had at the appellants' house as this stuff might get the appellants in trouble. This third party denied making any such statements but, if the jury believed every word of the testimony thus given by the appellants' witnesses, it could hardly have affected the verdict as none of the witnesses even intimated that the property which the third party was supposed to have left at the appellants' house was the property here in question. The only testimony was that this other party said he had left some property at the appellants' home. It appears from the record that considerable other stolen property was found at the appellants' house and there is nothing in the evidence, relied on by the appellants, which connects the property referred to by their witnesses with the property here involved. On the other hand, the property here in question was found in the appellants' home, one of the appellants freely admitted to the officers that he and his brother had taken the same and the other appellant, when confronted with his brother and with his statement of the facts, had nothing to say. Not a single fact was established which tends to show innocent possession of the property and the entire evidence is such that it would be an insult to the intelligence of the jury to say that they could have found to the contrary.

Under these circumstances, we are not able to say that the trial court abused its discretion in denying the motion for a new trial, that the matter in question must have affected the verdict, or that it was of such a nature that it must be held to have been prejudicial, as a matter of law.

The judgment and order appealed from are affirmed.

Marks, J., and Jennings, J., concurred.