[Civ. No. 1510. Fourth Appellate District.—November 24, 1934.]

ARTHUR G. MARKHAM, Appellant, v. HANCOCK OIL
COMPANY OF CALIFORNIA (a Corporation) et al.,
Respondents.

Emmett A. Tompkins for Appellant.

Swing & Swing for Respondents.

BARNARD, P. J.—The appellant was injured in a collision between an automobile driven by him and a combination truck and trailer owned by the respondent Alameda Oil Company and driven by the respondent Bunch, which occurred about 11 o'clock on the night of January 14, 1933. The respondent Bunch was driving the truck easterly on Foothill Boulevard, a state highway, which is divided and clearly marked into three traffic lanes. Intending to turn north on a side street and when 150 feet from the intersection, he put up a mechanical signal indicating a left-hand turn and pulled into the center lane. When he reached the intersection he stopped to permit other cars to pass. He testified that at this time he observed the appellant's car approaching from the east, and then some 600 feet away. While making the turn at a low rate of speed and after the entire truck had passed to the north of the paved portion of the highway, with the front end and the cab thereof entirely north of the intersection proper, the truck was struck on its right side and just to the rear of its cab by the car driven by the appellant.

In this action, which followed, a jury returned a verdict in favor of the appellant for $3,000. The respondents' motion for a new trial was granted and from that order this appeal is taken. While the motion was made upon all of the statutory grounds, the order appealed from did not state that it was granted upon the ground of insufficiency of the evidence and it must, therefore, be presumed that the same was not made upon that ground. (*Phillips* v. *Powell*, 210 Cal. 39 [290 Pac. 441]; *Baroni* v. *Rosenberg*, 209 Cal. 4 [284 Pac. 1111].) In support of the order, the respondents contend that several instructions were erroneously given and that certain evidence was improperly admitted.

One instruction given, based upon subdivision (b) of section 131 of the California Vehicle Act, included the following: "I therefore instruct you, that if you find that the automobile in which the plaintiff was driving was so close to the intersection as to constitute a hazard at the time involved here . . . it was the duty of the driver of said defendant's truck to have yielded the right of way, and a

failure, if any, on his part was negligence as a matter of law, . . . ''

The word ''immediate'' which precedes the word ''hazard'' in the statutory provision was here omitted. The appellant contends that this error was cured by other instructions on the same subject, in which the word ''hazard'' was preceded by the word ''immediate''. The instructions were at least conflicting and certain evidence, which need not be here set forth, is such as to indicate that the error in the instruction first referred to may well have been prejudicial in the extreme.

█ In another instruction, with reference to the defense of contributory negligence, the jury was told that it ''should disregard said plea, even if you find that the plaintiff was guilty of contributory negligence, unless such negligence, if any, was a proximate cause of the injuries, if any, to plaintiff''. It is well settled that any negligence on the part of a plaintiff which contributes even in a slight degree to an accident is contributory negligence which will bar a recovery.

█ Another instruction, after quoting the second paragraph of subdivision (a) of section 129 of the California Vehicle Act, told the jury that if the driver of this truck ''approached the point of turning and drove said truck over the center line'', that fact, in itself, constituted negligence on the part of the defendants. Under subdivision (c) of section 123 of the California Vehicle Act, a driver was permitted, in preparing for a left turn, to drive in the center lane of a highway which is divided into three lanes. The uncontradicted evidence shows that such a situation existed here at the time in question and that the truck, being in the center lane in preparation for a left turn, was partly across the center line of the highway. Under the circumstances and in the form in which it was given, this instruction was erroneous.

It also appears that certain evidence which was admissible as against the driver of the truck was admitted as also binding upon his employer. Any effect which this might have would, of course, be confined to that portion of the order which affects the respondent employer.

█ In view of the errors referred to, the granting of the order appealed from cannot be held to have been an abuse

of discretion, especially in view of section 4½ of article VI of the Constitution. As was said in *Dodds* v. *Gifford*, 127 Cal. App. 629 [16 Pac. (2d) 279] :

"Since these instructions were erroneous and prejudicial, it was the duty of the court to grant a new trial if the judge was satisfied they resulted in a miscarriage of justice. The question as to whether instructions are erroneous is a pure problem of law. The question as to whether erroneous instructions result in a miscarriage of justice depends upon their application to the facts of the particular case as they are disclosed by the record. In determining whether erroneous instructions result in a miscarriage of justice the trial court is invested with a reasonable discretion. Section 4½ of article VI of the Constitution provides that a new trial shall not be granted on account of misdirection of the jury, 'unless, after an examination of the entire cause, including the evidence, *the court shall be of the opinion* that the error complained of has resulted in a miscarriage of justice'. The granting of a new trial for the giving of erroneous instructions necessarily infers that the trial court in the exercise of its discretion determined that these instructions did result in a miscarriage of justice."

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 21, 1935.