[Civ. No. 5100.   Fourth Dist.   Sept. 19, 1955.]

MINNIE CONJORSKY, Respondent, v. GLADYS Y. MURRAY et al., Appellants.

Parker, Stanbury, Reese & McGee for Appellants.

Saul Ruskin and David M. McGahey for Respondent.

SHELL, J. pro tem.*—Respondent was plaintiff in an action filed in the superior court of Riverside County. The undisputed facts are briefly as follows: Plaintiff, a woman 80 years of age and in a somewhat feeble condition, was walking east along the sidewalk on the south side of Amado Street in Palm Springs, Riverside County, in the late afternoon of May 11, 1953. Defendants Gladys Murray and her husband, William Murray, were the owners of a market on the property at the southwest corner of Amado Street and Indian Avenue in Palm Springs. Immediately to the west of the market building there was a parking lot upon which there was room to park two or three cars comfortably. Generally, this lot was used by the Murrays for the purpose of parking the delivery truck used in their business and for parking their own car or that of an employee of the market. A private driveway led from this parking space across the sidewalk, on the south side of Amado Street, to the street.

Charles M. Busby, a defendant, was an employee of the Murrays, one of his duties being to deliver grocery orders to market customers by the use of the panel delivery truck which, on the day in question and prior to the accident here involved, was parked with the front end thereof headed away from the street and the rear end about 3 or 4 feet south of the south side of the sidewalk along which plaintiff was proceeding. Busby, intending to make a delivery to a customer, placed a carton of groceries in the delivery truck and backed the truck out of the parking space, a distance of 3 or 4 feet, to the sidewalk, and then, without stopping, continued across the sidewalk. While he was doing so, contact occurred between plaintiff pedestrian and the truck, resulting in serious personal injuries to plaintiff.

---

*Assigned by Chairman of Judicial Council.

Plaintiff's complaint alleged negligent conduct on the part of the defendants. The answer denied negligence, and also raised the defenses of contributory negligence and unavoidable accident. The case was tried before a jury, which, on June 29, 1954, returned a verdict in favor of the defendants and against the plaintiff. ■ Plaintiff moved for a new trial on all the statutory grounds and on October 14, 1954, the court granted the motion without specifying that it was granted for insufficiency of the evidence to support the verdict of the jury. Under that circumstance, an appellate court is foreclosed from reviewing that question. (Code Civ. Proc., § 657, subd. 7).

The record does not contain a transcript of the argument on the motion for new trial. From the affidavits filed in support of the motion, however, we conclude that plaintiff urged upon the trial court only four of the noticed grounds enumerated in her notice of intention to move for a new trial as follows:

1. Irregularity in the proceedings of the court, the jury and the adverse party.

3. Accident and surprise, which ordinary prudence could not have guarded against.

6. That said verdict and judgment are against the law.

7. Error in law, occurring at the trial and excepted to by plaintiff.

The irregularities urged upon the trial court apparently consisted of claimed misconduct of counsel for the defendants. We assume that the accident and surprise urged by plaintiff arose from the claim that the interpreter used to interpret the testimony of the plaintiff inadvertently, because of inaccuracies in such interpretation, misled the jury as to plaintiff's testimony as to material facts; that such misinterpretation was not discovered by plaintiff's counsel until after the completion of the trial. The grounds enumerated as numbers 6 and 7 may be by us considered together.

The respondent urged upon the trial court, and here urges, that prejudicially erroneous instructions were given to the jury by the trial court. The attack on the instructions of the trial court were directed first against an instruction prepared by the court and given on its own motion as an adaptation of B.A.J.I. 201-E, as follows:

"While it is the duty of both the driver of a motor vehicle crossing a public sidewalk and a pedestrian using a public sidewalk, to exercise ordinary care, that duty does not require necessarily the same degree of caution from each. The driver

of a motor vehicle crossing a public sidewalk, when ordinarily careful, will be alertly careful, will be alertly conscious of the fact that he is in charge of a dangerous instrumentality capable of projecting into serious consequences any negligence of his own. Thus, in crossing a public sidewalk, his caution must be adequate to that responsibility as related to all the surrounding circumstances. A pedestrian, on the other hand, has only his own physical body to manage and with which to set in motion a cause of injury. A pedestrian, in using a public sidewalk traversed by a driveway, will be alertly conscious that vehicles might use such driveway. And the caution required of the pedestrian is measured by the possibilities of injury apparent to him in the conditions at hand, or that would be apparent to a person of ordinary prudence in the same position.''

B.A.J.I. 201-E reads as follows:

''While it is the duty of both the driver of a motor vehicle and a pedestrian, using a public roadway, to exercise ordinary care, that duty does not require necessarily the same degree of caution from each. The driver of a motor vehicle, when ordinarily careful, will be alertly conscious of the fact that he is in charge of a machine capable of projecting into serious consequences any negligence of his own. Thus his caution must be adequate to that responsibility as related to all the surrounding circumstances. A pedestrian, on the other hand, has only his own physical body to manage and with which to set in motion a cause of injury. While, usually, that fact limits his capacity to cause injury, as compared with a vehicle driver, still, in exercising ordinary care, he, too, will be alertly conscious of the mechanical power acting, or that may act, on the public roadway, and of the possible, serious consequences from any conflict between himself and such forces. And the caution required of him is measured by the possibilities of injury apparent to him in the conditions at hand, or that would be apparent to a person of ordinary prudence in the same position.''

It will be noted that the trial court, in drafting its modification of B.A.J.I. 201-E, did not enlighten the jury as to the distinction the jury should draw between the quantum of care required of a pedestrian using a ''public roadway'' and that of one using a public sidewalk. ▪ A sidewalk is a part of the street set apart for the use of pedestrians who have a preferential right to the use thereof. (*Brandes* v.

*Freitas,* 116 Cal.App. 459, 462, 463 [2 P.2d 830].)

■    B.A.J.I. 201-E was designed to define the degree of care required of pedestrians and drivers of vehicles using a public roadway, and it would seem, therefore, that the court's adaptation of that instruction was insufficient without further instruction applicable to the use by a pedestrian and a vehicle driver of that area of a sidewalk traversed by a private driveway. Such appropriate additional instruction we have not discovered in this record.

Instructions given by the court in defining the respective rights of the operator of a motor vehicle and a pedestrian at a place where a private driveway crosses a sidewalk were as follows:

"Plaintiff's Instruction No. ——. (a)

"The law of this State, at the time of the accident here in question, by Section 560.1 of the Vehicle Code provided as follows: 'The driver of any motor vehicle, prior to driving over or upon any sidewalk, shall yield the right of way to any pedestrian approaching thereon.' "

"Defendants' Instruction No. ——. (b)

"You are instructed that even though a pedestrian on a sidewalk has the right of way over vehicles crossing said sidewalk from an alley, she may not proceed over said crossing blindly and in reckless disregard of obvious danger. It is her duty to exercise ordinary care at all times to avoid a collision."

"Defendants' Instruction No.——. (c)

"You are instructed that a pedestrian on a sidewalk may not assert her right of way to the use of said sidewalk over a vehicle emerging from an alley and approaching said sidewalk if it is, or should be reasonably apparent to her in the exercise of ordinary care that she will not receive the right of way."

"Defendants' Instruction No. ——. (d)

"You are instructed that in the use of ordinary care, one whose faculties are impaired is required to use a greater amount of caution than one who does not suffer from any such disability."

The foregoing instructions being unnumbered by the trial court, we have, for the sake of convenience, designated them as (a), (b), (c) and (d).    ■    Instruction (d), *supra,* is not a correct statement of the law as to the quantum of care required of one whose faculties are impaired. Such person is bound to use that care which a person of ordinary prudence with faculties so impaired would use in the same circumstances.

(*Jones* v. *Bayley,* 49 Cal.App.2d 647, 654 [122 P.2d 293].)
This instruction, as requested by defendants and as given by
the court, imposed upon the plaintiff a quantum of care which
was not required of her. This error was emphasized by the
giving of the court's own instruction adapting B.A.J.I. 201-E
as hereinbefore quoted and the instructions designated by us
as (a), (b), (c) and (d). Taken together, the trial court,
upon the hearing of the motion for new trial, was justified in
arriving at the conclusion that error in the instructions was
prejudicial to the plaintiff's case.

The granting of a new trial for the giving of erroneous
instructions necessarily infers that the trial court in the
exercise of its discretion determined that these instructions did
result in a miscarrage of justice. (*Markham* v. *Hancock Oil
Co.,* 2 Cal.App.2d 392, 395 [37 P.2d 1087].) Ordinarily
a strong showing of abuse of discretion is required before
an order granting a new trial will be reversed on appeal.
(*Gray* v. *Robinson,* 33 Cal.App.2d 177 [91 P.2d 194] ; *Collins* v.
*Hodgson,* 5 Cal.App.2d 366 [42 P.2d 700] ; *Reuman* v. *La
Monica,* 58 Cal.App.2d 303 [136 P.2d 81] ; *Roberts* v. *Salmon,*
66 Cal.App.2d 22, 26 [151 P.2d 556].)

Respondent filed in support of her motion for new trial
certain affidavits alleging misconduct of defendant's counsel
during the trial, as well as in support of her specified ground
of accident and surprise. These affidavits were not con-
troverted by defendants at the time of the hearing of the
motion. This showing made to the trial court may have justi-
fied the trial court in granting the motion for new trial,
although we find it unnecessary to take them into consideration
in view of the conclusion we have reached that the instructions
referred to herein were erroneous and found by the trial
court to have been prejudicial in the light of the evidence.

The order granting a new trial is affirmed.

Griffin, Acting P. J., and Mussell, J., concurred.