[Crim. No. 5589.   Second Dist., Div. One.   Feb. 27, 1956.]

THE PEOPLE, Respondent, v. DONALD R. PARKINSON, Appellant.

Donald R. Parkinson, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, for Respondent.

THE COURT.—Appellant has filed a motion and supporting affidavit for augmentation of the record on appeal, by adding thereto:

"(1) Opening statement of counsel for the prosecution;

"(2) Closing statements of counsel for the prosecution;

"(3) Closing statements of counsel for the defendant;

"(4) Trial court's instructions to the jury;

"(5) Complete transcript of all motions, together with the trial court's rulings thereon, made in open court, or in chambers, at any time prior to, and during trial;

"(6) Appellant further moves that a copy of the transcript of preliminary hearing previously held in Municipal Court be made a part of the record on appeal herein;

"(7) That all evidence—letters—papers—books—'tapes'—which were seized and suppressed by the counsel for the prosecution—be ordered by this court to be made a part of this action in appeal."

In support of his request for a transcription of the

argument to the jury by counsel for the People and his own attorney, appellant states that he expects to prove thereby that references were therein made to the fact that he had "previously been convicted of a crime and was therefore an ex-criminal and ex-convict, without, however, specifying the nature of said person's offense or eliciting any of the details thereof." However, an examination of the reporter's transcript reveals that throughout the trial, any reference to appellant's prior convictions was made outside the presence of the jury, and in the absence of any showing by appellant as to what reference was made thereto by counsel in their respective arguments to the jury, we are not disposed, under the state of the record herein, to order a transcript of the arguments of counsel for the People and appellant transmitted to this court.

In support of his request for the instructions given to the jury, appellant states that he expects to show thereby that the jury was instructed "that in the event of any doubt as to the guilt or innocence of the defendant, such doubt should be resolved in favor of the People and against the defendant, and a finding of guilty as charged should thereupon be returned by said jury." We have examined the instructions contained and filed in the original file of the superior court and find therein no such instruction. On the contrary, the court specifically instructed the jury that "a defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal." The court then correctly advised the jury as to the definition of reasonable doubt.

As to appellant's request for "a complete transcript of all motions, together with the trial court's rulings thereon," he is now in possession of a reporter's and clerk's transcript. We have examined the reporter's transcript and find therein contained all motions made and rulings thereon. Appellant has failed to point out any motion not contained in said transcript, which he now claims was made.

Concerning appellant's request that a copy of the transcript of the preliminary examination be added to the record on appeal, it need only be said that such transcript was not before the trial court, and furthermore, appellant was furnished with a copy thereof at the time of his arraignment in the superior court.

As to appellant's final request, "that all evidence—letters—papers—books—'tapes'—which were seized and suppressed by the counsel for the prosecution—be ordered by this court to be made a part of this action in appeal," we have examined the record and find that no such charge was made at the trial, and appellant in his present motion mentions no specific documents or papers that were suppressed. Insofar as the "tapes" are concerned, the record reflects that such recordings, instead of being suppressed, were played before the jury at appellant's own request.

Appellant's motion contains several "offers of proof," which he desires to make in this court on his appeal, but none of them were presented to the trial court and therefore, cannot be considered on appeal.

The motion to augment the record on appeal is denied.