[Crim. No. 1301.   Fourth Dist.   Apr. 16, 1957.]

THE PEOPLE, Respondent, v. RUSSELL C. MILLER, Appellant.

Earl J. Cantos, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant was convicted by a jury of the crime of burglarizing a store in Bostonia on July 2, 1956. He admitted a prior conviction of a felony. Defendant, in propria persona, filed a notice of appeal. A court-appointed attorney filed a report in lieu of an opening brief on his appeal, which shows that in seeking from defendant the grounds of appeal he wished to urge, defendant replied ''Ignorance of the fact of impeachment'' and ''I was thinking of unnecessary inflamation of the jury, of my personal belongings.''

Defendant, in face of his previous admission of such prior conviction of a felony, prior to trial, on the witness stand, denied this conviction. Apparently, as represented by defendant's counsel, defendant claims that when he took the stand at the trial, he was ignorant of the fact that he could be impeached by asking him if he had been previously convicted of a felony, and accordingly he was taken by surprise.

The questions propounded by the prosecution in reference to his previous conviction were proper. (Code Civ. Proc., § 2051; *People* v. *Peete*, 28 Cal.2d 306, 319 [169 P.2d 924] ; *People* v. *Hooker*, 130 Cal.App.2d 687, 695 [279 P.2d 784].) The claimed fact that defendant did not understand the right of the prosecution to propound such questions, if he took the stand to testify, is no ground for reversal of the judgment.

The other ground is equally untenable. Defendant, according to the record, was caught in the act of burglarizing the store at 2:15 a. m. The window screen had been torn, a door was found partially open, the safe had been moved, the cash register rifled, and around $36 in silver was missing from it. Defendant was searched and $39 in silver was found on his

person, and a screwdriver and pencil-flashlight were found in his pocket. He was wearing gloves, and an iron bar was found in his car, parked near the store.

Defendant freely admitted the commission of the crime to the officers. On the witness-stand, however, he only admitted entering the store that night and claimed it was with no criminal intent and that he did not take anything from the premises. The prosecution offered in evidence the screwdriver, flashlight and iron bar. The court sustained an objection to their admission. Defendant claims he was prejudiced by the presentation of these articles before the jury. Even though it might well appear that these articles were admissible, defendant could not reasonably claim he was prejudiced by the attempted offer and the ruling of the court. (*People* v. *Cavanaugh,* 44 Cal.2d 252, 267 [282 P.2d 53].)

After a careful examination of the entire record we agree with the conclusion reached by defendant's appointed counsel, that there appears no grounds for an appeal in respect to the claims presented by defendant, that no prejudicial error appears, and that the record discloses defendant had the benefit of a fair trial.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.