[Civ. No. 12857.   First Dist., Div. Two.   May 4, 1945.]

FRANK B. RUSSI, Respondent, v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION (a National Banking Association), as Executor, etc., Appellant.

J. M. Inman for Appellant.

Dreher, McClellan & McCarthy for Respondent.

NOURSE, P. J.—The appellant moves for an order of augmentation of the record "whereby the clerk's transcript of the testimony taken at the trial of said cause may be augmented by including in said transcript of testimony all oral testimony received and admitted at the trial of said cause." The "ground" of the motion is stated to be "in order to correctly and properly present the record of the proceedings in the lower court." In support of the motion the appellant refers to Rules on Appeal numbers 12(a), 12(b) and 12(c). The respondent resists the motion upon the ground that appellant has voluntarily foreclosed itself from the relief which it seeks by electing to appeal upon the judgment roll.

The only one of the three rules cited which is at all applicable is rule 12(a) which authorizes a reviewing court to order "that *portions* of the oral proceedings be transcribed, certified and transmitted to it." (Italics added.) But rule 4 provides that "When an appellant desires to present any

point which requires a consideration of the oral proceedings . . . he shall serve on the respondent and file with the clerk of the superior court, within 10 days after filing of the notice of appeal, a notice to prepare a reporter's transcript of the oral proceedings. . . ." Appellant filed a notice of appeal from the judgment on April 11, 1944. He filed on April 18th a notice to the clerk under rule 4 in which he requested "a clerk's transcript consisting of the judgment roll and of the notice of appeal and all exhibits offered by plaintiff and defendant." Such a transcript was prepared, certified by the clerk, and filed, improperly, with the clerk of the District Court of Appeal of the Third Appellate District on November 3, 1944, transferred and filed with the clerk of the Supreme Court on November 10, 1944, and transferred to this court on December 4, 1944. After appellant and respondent had filed their briefs and the cause had been placed on the calendar for hearing the appellant gave notice of this motion for augmentation of the record.

In order to understand the problem presented by this motion we should point out what procedures the rules offer for bringing up a record on appeal. The appellant has considerable latitude in this regard; he may choose one of three different types of record: (1) the transcript; (2) the settled statement; (3) the agreed statement. In the present case he elected to use a transcript but in doing so he had to determine at the outset whether to bring up just the judgment roll and exhibits or the oral proceedings also. He elected to come up on the judgment roll, together with certain exhibits. He gave his notices accordingly and did not request the transcription of any of the oral proceedings as required by rule 5(a). Accordingly he has elected the particular form of record called for and is not entitled to commence all over again to prepare an entirely different form of record in the absence of some such unusual circumstance as the complete inability to obtain the record originally sought. (See *Averill* v. *Lincoln,* 24 Cal.2d 761 [151 P.2d 119].) It would be improper, and unfair to the respondent as well as a plain disregard of the rules, to permit an appellant long after his time has expired to give notices for a type of record which he voluntarily chose not to request within the time allowed. The rules prescribe mandatory times for the notices calling for a particular record, and after the time has expired the party is in default and can be relieved only upon a showing of good cause.

Appellant contends that rule 12 operates in his favor to circumvent the provisions of all of the other rules mentioned herein. As has been pointed out, rule 12 is merely a revised version of certain former statutes and rules dealing with "diminution" of the record and its purpose was to carry on the former procedure with as little procedural difficulty as possible. (See 17 So. Cal. L. Rev. at p. 130.) But neither the old nor the new rule was designed as a means by which the appellant could at any time during the progress of the appeal switch from one record to another. Its meaning and purpose are clear. Parties are encouraged to bring up only relevant matters on appeal and occasionally it will develop that there has been omitted from the record some paper, exhibit or portion of the oral proceedings. In such case it is desirable and proper upon a showing that the omitted material was relevant and that its omission was excusable, to bring it up in order that the appeal might be determined on an adequate record. But as has been correctly said: "Even where the matter sought to be added is proper, or the proposed correction is warranted, neither augmentation nor correction is a matter of right; they both may be denied for inexcusable neglect in preparing the record, for delay in presenting the application, or for other reasons. The new rule does not deal expressly with this aspect of the question and the discretion of the court to deny the application still remains. Hence the augmentation procedure is not to be regarded as a cureall, nor as an assurance that negligent preparation of the record will entail no harmful results." (See 17 So. Cal. L. Rev. 130.) There is nothing in rule 12 which can justify the appellant's contention that he may at his pleasure change his judgment roll form of appeal to one which includes a reporter's transcript.

Nor is rule 5(f) of any assistance to the appellant. That rule provides that when the appellant elects to appeal on the judgment roll alone the respondent may not require the inclusion of oral proceedings except when necessary to prevent a miscarriage of justice. That section protects the respondent against any unfairness in the appellant's limitation of the form of record. Its purpose has been explained as follows: "The appellant may limit his grounds of appeal to matters appearing on the face of the judgment roll, and if he does so the evidence usually would contribute nothing relevant. There are, however, certain special situations in which the evidence

would be material, e. g., to justify additional findings on appeal, thereby eliminating inconsistency between findings and judgment, or to show that an erroneous ruling in connection with the pleadings was cured at the trial." (17 So.Cal.L. Rev. at 111.) This necessary protection for the respondent is the basic reason for rule 5(f) and there is nothing in that provision which purports to grant any privilege to the appellant to enlarge his judgment roll appeal once he has chosen that method.

Appellant urges that he should be given relief under rule 53(b) which authorizes a reviewing court "for good cause shown" to relieve a party from a default occasioned by any failure to comply with the new rules. The relief is similar to that which may be granted under section 473 of the Code of Civil Procedure, and as in the code section, it is limited to cases where "good cause" is shown for the default. The procedure in this particular under the new rules is not different from that of the code. When the parties came to the settlement of the transcript they stipulated in writing that the clerk's transcript which was thereafter filed herein should be settled as a full and fair transcript of the proceedings covering all matters "except oral testimony" and it was then agreed that the purpose of adding the quoted words was to show clearly that the transcript did not include any of the oral testimony. It is plain therefore that appellant was not taken by surprise, that it has not shown any excusable neglect, and that the omission was made purposely and voluntarily. There is no good cause shown for the relief prayed for.

The motion is denied.

Goodell, J., and Dooling, J. pro tem., concurred.