[Civ. No. 12857.   First Dist., Div. Two.   June 25, 1945.]

FRANK B. RUSSI, Respondent, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Executor, etc., Appellant.

J. M. Inman for Appellant.

Dreher, McClellan & McCarthy for Respondent.

NOURSE, P. J.—Plaintiff sued upon a rejected claim to recover money advanced and loaned to the decedent and evidenced by a mutual, open and current account. A claim for the sum due was presented to the executor in due form and within time but no action was taken by the executor for more than three years. Thereupon the claimant elected to treat the claim as having been rejected and commenced this suit. The executor answered admitting all the material allegations of the complaint except that any money was due the plaintiff, and also setting up a special plea of the statute of limitations. The trial court found adversely to defendant on all issues and the defendant appealed on the clerk's transcript,

including exhibits used on the trial, but excluding all oral testimony. On the appeal the sole ground urged for a reversal of the judgment is that the parties were engaged in a mining partnership and that accordingly the plaintiff's remedy was a suit for an accounting rather than an action on the debt.

After the cause was briefed the appellant made a motion for an order of augmentation of the record "whereby the clerk's transcript of the testimony taken at the trial of said cause may be augmented by including in said transcript of testimony all oral testimony received and admitted at the trial of said cause." The motion was denied upon the grounds stated in the opinion that the Rules on Appeal did not permit augmentation of the record under these circumstances where the appellant had voluntarily elected to appeal on the judgment roll alone. (*Russi* v. *Bank of America,* 69 Cal.App.2d 100 [158 P.2d 252].)

The question now raised is not properly presented in the record before us. The parties concede that during the trial the issue was raised as to the relationship of the parties. How it was raised does not appear. Certainly it was not raised in any of the pleadings. There is nothing in the findings which would indicate any specific determination of the issue. The trial court found that "decedent became indebted to the plaintiff upon a mutual, open and current account . . . for moneys loaned and advanced" to decedent by plaintiff. It is conceivable that transactions may be had between partners, outside the business of the partnership, through which one may become indebted to the other on his personal obligation. This seems to have been what occurred here. The record includes a contract between respondent and decedent whereby the former undertook to drive a tunnel, at his sole cost and expense, in the mining property owned by decedent and decedent agreed to convey to respondent a one-half interest in the property upon completion of the tunnel. A deed to such interest was executed July 6, 1935. The account upon which appellant relies is headed: "ADVANCES MADE BY F. B. RUSSI, FOR ACCOUNT OF ROSSI & RUSSI IN DEVELOPMENT OF MINE." Many of the items of the account appear to cover outlays of respondent to cover expenses which were incurred in the operation of the mining property. But there are also included numerous entries dating from July 6, 1935,

to April 12, 1938, which appear as "advances" to Frank
Rossi. These advances total $17,800, which is more than the
amount of the judgment. It does not appear that respon-
dent was at any time in charge of the operation of the prop-
erty or that he had any part in the distribution of the income,
if any. It is fair to infer that all these "advances" were
made to the decedent from the personal funds of respondent.

But, whatever inference we may draw from the meager
record, the answer to appellant's argument is that the burden
is on him to show error in the judgment, and that such burden
is not sustained by reference to letters which show no more
than that a partnership existed between decedent and respon-
dent, and that some obligations were incurred by each of the
partners as a result of the operations of the partnership. We
must presume on the record before us that the finding of the
trial court that the moneys represented in the judgment were
"loaned and advanced" to decedent is supported by substan-
tial evidence, and that, in all probability, these loans were
made outside the business of the partnership.

Another statement of the same proposition is that, where
the evidence is not included in the record, the reviewing court
will treat a finding of fact on a material issue as conclusive.
(2 Cal.Jur. 689.)

The judgment is affirmed.

Goodell, J., and Dooling, J. pro tem., concurred.