[Civ. No. 17534. Second Dist., Div. One. Apr. 20, 1950.]

NATALIE M. KALMUS, Appellant, v. HERBERT T. KALMUS et al., Respondents.

C. Ray Robinson, Bruce Walkup and James A. Cobey for Appellant.

Jennings & Belcher for Respondents.

DRAPEAU, J.—Natalie M. Kalmus filed her complaint for support and maintenance, dissolution of partnership and for accounting and appointment of receiver in the superior court. Dr. Herbert T. Kalmus and a number of other defendants were named. The complaint alleges that the plaintiff and Dr. Kalmus (who will hereafter be referred to as the defendant) were married in Massachusetts July 23, 1902, remarried in New York City in February, 1923, and separated June 6, 1944; that the defendant is worth three million dollars or more,

and is principal stockholder in a number of prosperous technicolor corporations; and that plaintiff is entitled to an interest‧ in defendant's earnings and property, by way of community, dower, partnership, or otherwise. The complaint avers grievous mental cruelty, desertion, and adultery. It also avers that in addition to her alleged marital rights in defendant's property, plaintiff and defendant have been partners in all of defendant's business enterprises from the date of the marriage. Plaintiff prays for support and maintenance, counsel fees and court costs, and for an accounting of the partnership alleged.

Defendant's answer admits the marriage in Massachusetts; denies the marriage in New York; alleges a decree nisi of divorce in Massachusetts December 22, 1921, which became final six months thereafter; and that defendant and plaintiff have not been husband and wife since the decree. The decree provided for payments of $625 per month by defendant to plaintiff as alimony, which payments have always been made. The answer also alleges a compromise agreement, set out in *haec verba,* releasing defendant from all asserted claims and demands of plaintiff, and dated February 19, 1945. All of the other material allegations of the complaint are denied.

Defendant also cross-complained for declaratory relief and injunction, setting up the divorce decree and the compromise agreement as a bar to any and all claims by plaintiff against him; and alleging harassment by her of him throughout the years. The prayer is for declaratory judgment accordingly, and for injunction.

Plaintiff answered the cross-complaint, averring that after the decree nisi she and Dr. Kalmus resumed marital relations and lived together as husband and wife, in her belief that the decree had not become final and was not binding, which relationship continued until 1944; denying the allegations of the cross-complaint; and pleading in bar a pending equity action in Massachusetts to set aside the decree nisi. This action, however, was commenced after the complaint was filed in this proceeding.

After several days of hearing, the superior court denied plaintiff any counsel fees, costs, or support money pendente lite.

The case was set for trial, and plaintiff notified. At that time she appeared in propria persona. From time to time throughout the litigation she has been represented by several different attorneys.

Counsel specially appeared, requesting a continuance of the trial, which request was denied by the court.

Thereupon the trial came on, on the date set. Defendant and his counsel were present; the defendant Technicolor Motion Picture Corporation and its counsel were present. All of the other defendants had been dismissed. But the plaintiff did not appear. Testimony was taken; the trial court made its findings and judgment, declaring that plaintiff and defendant were not husband and wife, and had not been since the Massachusetts decree nisi became final; that the compromise agreement was valid and binding upon plaintiff; and that she had no rights, either as wife of plaintiff or as a partner, in his earnings or in his property, other than to be paid $625 per month alimony.

Plaintiff was enjoined from asserting any rights in defendant's earnings or property as his wife or otherwise, and from harassing or annoying him.

From this judgment plaintiff has appealed. All of the matters and things specified in the notice to the clerk to prepare the record are in the file. The notice does not specify a demand for a reporter's transcript of the testimony and proceedings upon the trial.

Present counsel for plaintiff now come before this court, and move for an order augmenting the record, to supply the reporter's transcript. The motion is opposed by counsel for defendant.

In support of the motion plaintiff contends that the appeal is not on the judgment roll, and consequently, proceedings for augmentation are available to her; that the requested augmentation is necessary as a basis for plaintiff to attack the sufficiency of the evidence to support the findings of fact; and to attack the jurisdiction of the court.

Plaintiff cites *Kuhn* v. *Ferry and Hensler,* 87 Cal.App.2d 812 [197 P.2d 792], to the effect that a denial of the right to augment a record would be an abuse of discretion, when it appears that proceedings were had or evidence introduced on a trial which should be considered on appeal.

Defendant contends that under Rules 12-a and 52 of Rules on Appeal plaintiff has no right to have the reporter's transcript made a part of the record, and cites in support of his position *Russi* v. *Bank of America,* 69 Cal.App.2d 100 [158 P.2d 252].

In *Russi* v. *Bank of America, supra,* at page 102, the court observes: ''Parties are encouraged to bring up only relevant

matters on appeal and occasionally it will develop that there has been omitted from the record some paper, exhibit or portion of the oral proceedings. In such case it is desirable and proper upon a showing that the omitted material was relevant and that its omission was excusable, to bring it up in order that the appeal might be determined on an adequate record. But as has been correctly said: 'Even where the matter sought to be added is proper, or the proposed correction is warranted, neither augmentation nor correction is a matter of right; they both may be denied for inexcusable neglect in preparing the record, for delay in presenting the application, or for other reasons. The new rule does not deal expressly with this aspect of the question and the discretion of the court to deny the application still remains. . . .' ''

█ It would therefore appear to be within the discretion of this court to deny or to permit the augmentation of the record.

█ Counsel for plaintiff when the notice of appeal and the notice to the clerk were filed was Werner O. Graf, Esq. Mr. Graf has since died. Inasmuch as Mr. Graf may have had one theory relative to the appeal, and present counsel for plaintiff another, it is the opinion of this court that justice will be better served by permitting plaintiff to have for her record on appeal the supporting data which her present counsel deem necessary.

It is ordered that the record be augmented by adding the reporter's transcript of the proceedings in the trial court as prayed.

White, P. J., and Doran, J., concurred.