[Civ. No. 23396. Second Dist., Div. One. Apr. 20, 1959.]

PAUL S. TOENNIGES et al., Respondents, v. FORREST GRIFFETH et al., Appellants.

Henry C. Rohr for Appellants.

Paul Major for Respondents.

FOURT, J.—This is an appeal from a judgment and from an order denying defendants' motion for a new trial, in which judgment defendants Forrest Griffeth and Eva E. Griffeth were ordered to remove one of the masonry pilasters and a section of the chain fence which was built upon and obstructs a portion of a certain nonexclusive easement for road purposes; and in which said defendants, and each of them, were perpetually restrained and enjoined from obstructing, closing, or interfering with the use by plaintiffs of said nonexclusive easement by the maintenance thereon of any gate, pilaster or fence.

The plaintiffs brought an action for an injunction and damages for an interference with an easement and way of necessity. The complaint set forth, in effect, that the plaintiffs were, and had been since January 29, 1948, the owners and occupants of certain described real property, and of ''an easement for road purposes, to be used in common with others over that certain strip of land 20 feet wide in'' a certain tract, and then particularly described the property to be so used as an easement. It was alleged that the plaintiffs and their predecessors in interest have been and are the owners of the easement so described, and that the defendants Griffeths own and occupy the real property adjacent to the plaintiffs' property and easement, and that the defendants Griffeths acquired their title and interest from a codefendant (Bryant), who formerly owned all of the property affected by the action. Also, it was alleged that the persons from whom the plaintiffs purchased their property had purchased the same from the codefendant Bryant, who had sold the defendants Griffeths their property. Further, that in the summer of 1953, the defendants Griffeths erected an iron gate, supported at each end by stone and masonry construction, which gate is now locked and no one excepting the Griffeths have the key thereto. It is set forth also that such gate was wrongfully constructed by the defendants Griffeths on 14 feet of the easement belonging to the plaintiffs, and that it was erected without the permission or consent of the plaintiffs, and at the time it was erected the plaintiffs had no knowledge that their easement was being encroached upon; that the defendants Griffeths also erected a chain fence on part of the easement. After the gate and fence were erected the plaintiffs caused a survey to be made and then discovered that the gate and a part of the chain fence were on their easement and property. Thereafter the plaintiffs served upon the defendants Griffeths a notice that

the gate and fence encroached upon their property and requested a removal of the same. Further, that the plaintiffs are now forced to use a lower road to reach their property, and that such lower road in part belongs to an abutting owner who has notified the plaintiffs to cease and desist going over their property by reason of the hazardous condition of such lower road. The plaintiffs also alleged that they had suffered damages because of such interference and requested an order requiring the defendants to remove the gate and the portion of the fence erected by the defendants Griffeths on plaintiffs' land and easement; that each defendant be restrained and enjoined from obstructing, closing or interfering with the use of plaintiffs' easement and way of necessity, and for costs.

The defendants Griffeths answered the complaint, in effect, denying that the plaintiffs were the owners of the property described in the complaint as belonging to them; denied that the plaintiffs had purchased their property as they had so alleged, and denied the construction or erection of the gate and fence as alleged in the plaintiffs' complaint, and further denied that the construction was without the knowledge of plaintiffs; and denied the service of any notice that the gate and fence encroached upon the plaintiffs' property; and denied that plaintiffs were forced to use a lower road to reach their property; and further denied that the plaintiffs had suffered any damages. In the answer as originally filed, three affirmative defenses were set forth, the first stating that the allegations of the complaint did not state facts sufficient to constitute a cause of action against the Griffeths; the second setting forth in effect that two of the codefendants (Bryants) had formerly owned all of the property in question, and that such former owners caused the property to be subdivided by metes and bounds, and created a road easement to be used in common with other owners over a strip of land 20 feet wide; that the easement has been in continuous use for road purposes for the common benefit of all adjoining owners, and that no property owner has the right of ownership to the exclusion of other property owners. The third affirmative defense is to the effect that the Griffeths bought their property from the codefendants Bryants, heretofore mentioned, and that when they bought it there was in actual existence a roadway for the adjoining property; that the said roadway was in the same location then and now, and that by reason of the use during such time, all of the adjoining property owners have the common right of use by the deeds and the prescriptive rights

accruing in favor of the property owners and the defendants Griffeths.

A trial was started and at substantially the conclusion thereof the defendants Griffeths were given 10 days within which to amend their affirmative answer to conform to proof. Within the time prescribed the answering defendants filed a ''Supplemental Answer'' wherein they repleaded all of their original answer, and in addition thereto pleaded a first and second affirmative defense. The first affirmative defense in the supplement set forth that an easement was created by deed in the first instance; that a roadway was bulldozed following the recorded easement by approximation to the survey stakes and to the natural topography of the land; that the bulldozed roadway did not coincide exactly with the confines of the recorded easement, and that a portion of the recorded easement has not been used by the original grantor nor any successor in interest. Further, that the bulldozed roadway was intended to be the permanent location of the roadway, regardless of the location of the recorded easement; that in addition to the nonuser of a part of the recorded easement, it was the intention of the plaintiffs' predecessors to abandon such portion thereof which was not used. Further, that the defendants placed the gate and fence on the abandoned portion of the recorded easement, and did so with the knowledge and permission of the owners of the dominant estate, and that therefore by reason of the nonuser, intention to abandon and of damage to the Griffeths, the Griffeths claim abandonment of a portion of the recorded easement. The second affirmative defense in the supplement sets forth in effect that the original owners had bulldozed an actual roadway, portions of which did not coincide with the recorded easement, and that such fact was known to the owners at the time, and that the codefendants (Bryants) who had formerly owned all of the property built a wooden gate across a private driveway leading from the easement roadway, and that the Griffeth gate was built in substantially the same place, and they now claim prescriptive rights over that portion of the recorded easement where their gate is constructed.

It was stipulated by counsel, and agreement of the parties, that the judge could view the premises, and he apparently did so.

The court made findings of fact and conclusions of law, wherein it was found to be true that the plaintiffs are, and have been since January 29, 1948, the owners and occupants

of the real property described in their complaint; that it was true that the plaintiffs are husband and wife, and hold title as joint tenants; that it was true that the plaintiffs and their predecessors in interest have and now own in common with others a nonexclusive easement for road purposes as described in the plaintiffs' complaint; that it was true that the defendants Griffeths own and occupy the real property adjacent to the plaintiffs' property and the described easement, and that such defendants acquired their title and interest from the Bryants, the original owners of the property; that it was true that the plaintiffs purchased their property from their grantors, who in turn had purchased it from the Bryants, and that the respective deeds granted to the plaintiffs the easement described in the complaint; that the Griffeths built an electrically controlled gate with masonry pilasters and a section of chain-link fence which has obstructed, and now obstructs a portion of the nonexclusive easement owned by the plaintiffs and others, and that it was true that the Griffeths built the gate and pilaster in the latter part of 1953, and the fence in 1954. Further, that it was true that the Griffeths negligently constructed a pilaster and a section of chain-link fence upon land to which they had no such right, and a portion of the gate is on the recorded easement; that it was not true that the plaintiffs incurred any money damages by reason of the construction of the gate and fence; that it was not true that the Griffeths are entitled to judgment on the ground that the plaintiffs abandoned portions of the recorded easement by nonuse and an intention to abandon it, and it was not true that the Griffeths are entitled to prescriptive rights over that portion of the recorded easement upon which the gate and fence now stand, and it was not true that any prescriptive rights have ripened into a prescriptive title by adverse possession, as is set forth in the first and second affirmative defenses in Griffeths' supplemental answer.

From such findings of fact the court concluded that the plaintiffs were entitled to injunctive relief for the removal of the portion of the gate, pilaster and fence which encroach upon the easement described in the plaintiffs' complaint and reserved from the Griffeths' deed, and that the plaintiffs were not entitled to damages.

A judgment was made and entered which sets forth that the cause was heard by the court without a jury; that witnesses were sworn and evidence, oral and documentary, was

received; that findings of fact were made, and thereupon the court ordered, adjudged and decreed that the defendants Griffeths remove the masonry pilaster and section of chain fence which was built upon and obstructs a portion of the described road easement; further, that the defendants Griffeths be and are perpetually restrained and enjoined from obstructing, closing or interfering with the use by the plaintiffs of the easement by the maintenance of any gate, pilaster or fence; and further, that in the event the Griffeths have not removed that portion of the gate, the pilaster and the section of the chain fence which encroach upon the easement within thirty days after the judgment becomes final, the plaintiffs may remove the obstructions and the reasonable cost of such removal shall be charged to the defendants by way of costs.

The appellant, in his *"Notice to Prepare Clerks Transcript on Appeal,"* directed the clerk to prepare a clerk's transcript to include "all pleadings filed herein, the Judge's Memorandum Opinion, the Order Denying Motion for New Trial, Findings of Fact and Judgment." Respondent made no request for any augmentation of the record. Pursuant to the request of the appellant, the clerk's transcript as prepared in this case includes:

(1) Notice of appeal;

(2) Notice to prepare clerk's transcript;

(3) Notice of intention to move for new trial and ruling thereon; and

(4) Judgment roll (as to the parts designated).

It appears certain, therefore, that the appellant intended to, and did appeal upon the judgment roll, plus the opinion of the trial judge. There was no request for a reporter's transcript. In other words, the record before us is a partial record, and under the circumstances of this case, we are to presume that the record includes all matters material to a determination of the points on appeal. (Rules on Appeal, rule 52.)

The appellants did not see fit to take advantage of rules 4(a), 4(b), 6 or 7 of the Rules on Appeal to bring before this court the oral proceedings, or any part thereof.

The appellants put their contentions in the form of questions, as follows:

(1) Did the respondents' and appellants' predecessors in interest, by their conduct, substitute the road that was created by them, instead of the recorded easement?

(2) Did the acts and conduct of appellants and respondents constitute a waiver and acceptance of the substituted road in lieu of the road which would have followed the recorded easement?

(3) Were the respondents estopped by their conduct and knowledge, and by their failure to complain when the gate was erected?

(4) Were the respondents estopped by lapse of time to assert their rights to use the recorded easement?

(5) Did the respondents, by their action in excavating the bank along the road create a condition about which they cannot now complain?

 We have concluded that the claimed errors do not appear upon the face of the partial record presented. Counsel for the appellants must have sensed the inadequacy of the record, for he has made extensive references to the testimony and to the deposition of the plaintiff Paul S. Toenniges, none of which is before us, nor do we even know that the deposition was introduced into evidence.

We are compelled to assume that the findings are supported by the evidence, and on the record before us the findings cannot be attacked. The question of sufficiency of the evidence to support the findings is not open. (*Estate of Larson*, 92 Cal.App.2d 267 [206 P.2d 852].)

Appellants, apparently, have not attacked the form of the findings or their sufficiency to support the judgment. We have examined the findings and the judgment, and we find no error upon the face of the record. (*White* v. *Jones*, 136 Cal.App.2d 567 [288 P.2d 913]; *Berker* v. *Barnes*, 139 Cal. App.2d 294 [293 P.2d 821].) See also California Trial and Appellate Practice, Stanbury, volume 2, chapter 50, pages 160-191, where it is said at pages 173-174:

''There has been slight indication that Rule 52, as amended, will affect the scope of review on a judgment roll or clerk's transcript appeal. Traditionally the only issues subject to review on such appeals are whether the complaint states a cause of action, whether the findings are within the issues, and whether the judgment is supported by the findings, all of which may be determined from the face of the record without reference to oral proceedings or exhibits. The oral proceedings may not be referred to by the appellant, no issue may be made as to the sufficiency of the evidence, and it is presumed to be sufficient to support all findings. Likewise it is presumed that the oral proceedings were regular,

and that no error not appearing on the face of the record occurred.''

Apparently sometime about a year after the ''Notice To Prepare Clerk's Transcript on Appeal,'' and not as a part of the record originally contemplated by the request of appellant, the clerk of the superior court transmitted to this court all of the exhibits in the case. Nothing before us indicates just how the exhibits are before us, that is whether by stipulation of the parties or otherwise. In any event, the exhibits consists generally of photographs and diagrams or maps of the property in the area in question, deeds or copies of deeds and various notices. From the list of the exhibits before us, it is indicated that the deposition of the plaintiff was not introduced into evidence and given a number as an exhibit. However, the receipt of the exhibits, no matter how they happened to get to this court, and a review thereof in no wise changes our opinion as to how this case should be determined.

The judgment is affirmed. The attempted appeal from the order denying motion for new trial is dismissed.

White, P. J., and Lillie, J., concurred.

A petition for a rehearing and a motion to augment the record were denied May 18, 1959, and the following opinion was then rendered:

THE COURT.—Counsel for appellants has filed a petition for a rehearing and has filed therewith a motion to augment the record.

With reference to the motion to augment the record, it is urged that '' [i]t was in the contemplation of both the appellant and respondent that the reporter's transcript was part of the record before this . . . Court.'' Further, it is pointed out that the attorneys who represented the appellants in the trial court filed the notice of appeal and the notice to prepare the clerk's transcript; that the present counsel, who was substituted into the case to represent the appellants on the appeal, did not check or read the notice of appeal and request for record, and first learned that the reporter's transcript was not before this Court and that the appeal in effect was one on the judgment roll when he read the opinion of this court.

■ Appellants correctly recognize ''that they are not entitled as a matter of right to the granting of . . . motion to augment the record.'' ■ In *Russi* v. *Bank of America,*

69 Cal.App.2d 100 [158 P.2d 252], in referring to rule 12 of Rules on Appeal, it was said (at p. 102): "Its meaning and purpose are clear. Parties are encouraged to bring up only relevant matters on appeal and occasionally it will develop that there has been omitted from the record some paper, exhibit or portion of the oral proceedings. In such case it is desirable and proper upon a showing that the omitted material was relevant and that its omission was excusable, to bring it up in order that the appeal might be determined on an adequate record. But as has been correctly said: 'Even where the matter sought to be added is proper, or the proposed correction is warranted, neither augmentation nor correction is a matter of right; they both may be denied for inexcusable neglect in preparing the record, for delay in presenting the application, or for other reasons. The new rule does not deal expressly with this aspect of the question and the discretion of the court to deny the application still remains. Hence the augmentation procedure is not to be regarded as a cureall, nor as an assurance that negligent preparation of the record will entail no harmful results.' (See 17 So.Cal.L.Rev. 130.) There is nothing in rule 12 which can justify the appellant's contention that he may at his pleasure change his judgment roll form of appeal to one which includes a reporter's transcript.

"Nor is rule 5(f) of any assistance to appellant. That rule provides that when the appellant elects to appeal on the judgment roll alone the respondent may not require the inclusion of oral proceedings except when necessary to prevent a miscarriage of justice. That section protects the respondent against any unfairness in the appellant's limitation of the form of record."

This case was set for oral argument before this Court for March 24, 1959. On March 19, 1959, the clerk of the court received from counsel a written stipulation which in effect set forth that the case would be submitted without argument or any further presentation. The court then directed the clerk to communicate with, and inform counsel in effect that the court desired to have counsel present for the oral argument, even though the stipulation had been filed to the effect that the cause would be submitted without argument. The members of the court had in mind to discuss with counsel for both sides, in open court, the status of the record before the court and other matters having to do with the law and the

facts of the case. Counsel for appellants replied that it was his custom to go to the desert at that particular season of the year, and that therefore he would not be present at the oral proceedings. The court thereafter disposed of the case on the record which was lodged before it.

Counsel for appellants now indicates that he should be given some relief because of his failure to have the reporter's transcript before us. It is clear that one of the reasons for the absence of the complete record, if such was desired in the first instance, was counsel's failure to ascertain the state of the record when he took over from the attorneys who tried the case in the trial court. Such a state of facts does not appear to us to constitute excusable neglect, or good cause to grant the motion.

With reference to the grounds for a rehearing, counsel states in effect that an injustice would be done to the appellants if the rehearing be not granted.

We are convinced, from a reading of the entire record before us, which includes copious references to the reporter's transcript that the trial court properly determined the cause, and the judgment was properly affirmed.

Appellants' petition for a hearing by the Supreme Court was denied June 18, 1959.