[Civ. No. 13148.  First Dist.  Div. Two.  June 5, 1946.]

BERT BROCK, Appellant, v. SOUTHERN PACIFIC COM-
PANY (a Corporation) et al., Respondents.

Ernest E. Emmons, Jr., for Appellant.

Arthur B. Dunne and Dunne & Dunne for Respondents.

NOURSE, P. J.—Two motions are presented—one by respondents to dismiss the appeal, the other by appellant to be relieved from his default.

Plaintiff brought two actions against the corporation for personal injuries and against the respondent physicians for alleged malpractice. The first action was filed on September 25, 1940, the second on August 30, 1941. The two actions were consolidated for trial, and on August 20, 1945, they went to trial to a jury as one suit for damages. On September 5, 1945, the jury returned a verdict for all defendants. The plaintiff appeared in propria persona and, upon a showing *in pauperis,* was permitted to conduct the trial at the expense of the county.

On September 11, 1945, notice of entry of judgment was given and in due time plaintiff gave notice of intention to move for a new trial and notice to set aside the verdict. These motions were denied and on October 15, 1945, plaintiff filed his notice of appeal. This was followed on October 25 with plaintiff's "Notice to Clerk to Prepare Transcript and Notice Designating Papers and Records." This notice to the clerk requested a complete transcript of all the proceedings including the "whole reporter's transcript" of the testimony of designated witnesses, all the instructions to the jury "from the defendants' side of the case" and "a whole complete record of trial." The notice was obviously given under rules 4(a) and 5(a) of the Rules on Appeal. On October 29th there was mailed to plaintiff "Clerk's Estimate of Costs of Preparing Transcript on Appeal."

Plaintiff failed to deposit with the clerk a sum equal to the estimated costs or to procure a waiver from the reporter as provided in rule 4(c) and this failure occurred after his motion to be permitted to prosecute the appeal *in forma pauperis* had been denied on October 10th. On November 5, 1945, and December 3, 1945, plaintiff procured successive orders of the superior court extending his time 30 days each "to prepare and file transcript and statements on appeal" from the judgment, the order denying a new trial, and the order denying a transcript at county cost. On January 3, 1946, February 1st and February 28th plaintiff filed stipula-

tions from respondents extending his time for the same purpose to March 15, 1946. On March 15th plaintiff filed a new notice "of Election to Proceed by Settled Statement" in accordance with rule 7(b), and on March 15th procured an order of the superior court granting him 30 days to ";Prepare and file his Partial Transcript and Statement on Appeal." In these proceedings plaintiff was represented by counsel.

The motion to dismiss the appeal presents these simple considerations. The notice of appeal and the notice to the clerk to prepare the transcript were given under rules 2 and 5. The failure to comply with the clerk's request to deposit the fees rendered these notices ineffective "for any purpose." (Rule 5(c).) ▉▉ The first two orders of the superior court extending this time, and the stipulations of counsel carried appellant's time to prepare and file a transcript prepared under rule 5 down to the 15th day of March, 1946. At that date the power of the superior court to grant further extension was exhausted for two reasons—(1) under rule 45(b) the superior court may grant an extension only "prior to the expiration of such time or any valid extension thereof." (2) Such extensions "shall not exceed 90 days in the aggregate" (*idem.*) When therefore the superior court on March 15, 1946, purported to grant appellant thirty days to "Prepare and file his Partial Transcript and Statement on Appeal" the order related to a "settled statement in lieu of both transcripts" in accordance with appellant's notice of election to so proceed given on March 15, 1946, and was not made at a time "prior to the expiration of such time" as required by rule 45(b) since the notice of election to pursue that method of appeal had not been given "within 10 days after filing the notice of appeal" as required by rule 7(b), hence the order of March 15, 1946, was not made within the period of a valid extension of that time and was beyond the jurisdiction of the court.

▉▉ The appellant has made a motion to be relieved of this default under rule 53(b). The only debatable ground suggested in the motion is that the default was caused by the failure and neglect of defendants and respondents in leading plaintiff and appellant to believe that his time within which to prepare his record on appeal remained open and legal and that he was not in default. The ground urged is not supported by the record. Appellant initiated his appeal under the method authorized in rules 4 and 5. He obtained orders of court and stipulations granting him extensions of time to pre-

pare his record under that method only. Five months after his notice of appeal was filed he gave notice of an election to proceed by settled statement under rule 7(b). This is a distinct method differing widely from that provided in rules 4 and 5. One of its important features is that the notice must be filed within 10 days after filing of the notice of appeal. The obvious purpose of this time limitation is to enable the parties to prepare the "condensed statement of the oral proceedings" while the evidence is fresh in the memories of counsel. The whole purpose of the limitation would be defeated if the appellant were permitted several months after the trial to elect that procedure and require the respondent to settle a statement of the oral proceedings. There is nothing in the record which shows that respondents led appellant to believe that they would waive the time limit; there is nothing to show that the second method was contemplated by either party until long after the time had expired. It is apparent that the motion for relief from default rests on the single ground that five months after the time had expired under the rule the appellant conceived the idea that he would prefer to proceed under a different method from that on which the orders and stipulations were based. A change of method after the time fixed in the rule is not sanctioned. A similar situation was presented to this court in *Russi* v. *Bank of America*, 69 Cal.App.2d 100, where (p. 101) [158 P.2d 252] we said the appellant had "elected the particular form of record called for and is not entitled to commence all over again to prepare an entirely different form of record in the absence of some such unusual circumstance as the complete inability to obtain the record originally sought. (See *Averill* v. *Lincoln*, 24 Cal.2d 761 [151 P.2d 119].) It would be improper, and unfair to the respondent as well as a plain disregard of the rules, to permit an appellant long after his time has expired to give notices for a type of record which he voluntarily chose not to request within the time allowed. The rules prescribe mandatory times for the notices calling for a particular record, and after the time has expired the party is in default and can be relieved only upon a showing of good cause."

The Rules on Appeal give an appellant 10 days after his notice of appeal has been filed within which he may give notice of his election to proceed by settled statement. We cannot say that the time is unreasonable and that appellant should have five months within which to make his election as to

which method he should pursue on a showing of nothing more than that, after having selected one method and procured numerous extensions of time for that purpose, he now finds another method more convenient.

The motion to dismiss the appeal is granted. The motion for relief from default is denied.

Goodell J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 1, 1946.