[Civ. No. 23388. Second Dist., Div. One. Jan. 20, 1959.]

MURIEL M. BROWN, Appellant, v. RALPH I. GUY, Respondent.

Elmer Patrick Friel for Appellant.

Carl B. Sturzenacker, DeForrest Home and Albert Hampton for Respondent.

LILLIE, J.—Respondent has moved to dismiss the pending appeal on the ground of certain defects in the record heretofore filed, and noncompliance with pertinent time provisions of the Rules on Appeal.

The cause was previously before this court which affirmed an order granting a new trial (144 Cal.App.2d 659). Following a second adverse judgment and the denial of her motion for a new trial, appellant seasonably filed her notice of appeal. Thirty-four days later, on November 26, 1957, appellant filed a "Notice to Clerk of the Superior Court to Prepare Clerk's Transcript and for Preparation of Reporter's Transcript on Appeal." Therein reference was made to the previous appeal and to a stipulation entered into by counsel prior to the second trial, and approved by pretrial order, "whereby . . . testimony and exhibits introduced at the first trial of said cause could be introduced by both parties at the second trial of said cause by designating, one to the other, such portions of the said testimony desired to be read at the second trial from the said reporter's transcript on appeal. . . ." Such testimony was introduced at the second trial in this manner.

Specifying her reliance on rule 11, Rules on Appeal, appellant then designated in the foregoing "Notice" the portions of the prior record which she desired incorporated by reference, including the oral testimony at the first trial read into evidence by stipulation as aforementioned, and the entire contents of the clerk's transcript in the first case. She further requested a clerk's transcript of the proceedings on the second trial, designating the papers and records desired; and " (p)ursuant to Rule 7, Rules on Appeal" gave notice that "plaintiff will prepare and set forth the oral proceedings by a settled statement of all of the rest of the oral proceedings at said second trial . . . the said statement to be in the form of a condensed narrative statement of all the foregoing." The narrative statement was not served on respondent until the following June and was settled by the trial court on August

12, 1958. After securing an extension of time therefor, appellant filed her opening brief on November 3, 1958; thereafter, on November 25, 1958, respondent made this motion to dismiss. Written opposition to the motion was filed by appellant, including a request that she be relieved from any default found to exist.

Respondent contends that (1) rule 11(b), added in 1951, does not authorize the filing of a record partially in the form of a settled statement and partially in the form of a reporter's transcript incorporated by reference; (2) appellant's notice of election to proceed by settled statement was not served within the time required by rule 7(a); and (3) contrary to rule 45(b), time extensions for preparation of the record in excess of the 90-day aggregate limit were granted by the trial court.

Rule 11 is entitled ''Record on Multiple Appeals'' and subdivision (a) thereof provides in part that in the case of cross-appeals ''a single record . . . shall be prepared . . . in accordance with Rules 4 and 5 unless all appellants give notice of intention to proceed under Rule 7, or unless the parties stipulate to proceed under Rule 6.'' Subdivision (b), added in 1951, governs subsequent appeals in the same case and allows the use of an abbreviated record in the second or subsequent appeal, incorporating by reference the necessary material in the record on the earlier appeal. Unlike subdivision (a), however, there is no positive provision as to the method of preparation of the record on the second or subsequent trial.

Respondent argues that there are but three recognized types of record on appeal (*Russi* v. *Bank of America*, 69 Cal.App.2d 100, 101 [158 P.2d 252]); (1) the transcript, (2) the settled statement; and (3) the agreed statement; that by bringing up a record, part transcript and part settled statement, appellant is actually urging that a fourth method of appeal was created by rule 11(b). It is a cardinal rule of statutory construction that parts of a statute must be construed together and harmonized as far as possible to avoid repugnancy (*People* v. *Moroney*, 24 Cal.2d 638, 642, 643 [150 P.2d 888]); therefore, in the absence of any positive and controlling provision in the subdivision to the contrary, we must agree with respondent that a ''fourth method of appeal'' was not created by the adoption of rule 11(b) and that records of second or subsequent trials must be brought up as provided in rule 11(a).

Presented to us now is the query whether this court should

relieve appellant from her default and permit a hearing on the merits. As it involves rule 11(b), the issue presented appears to be without precedent. Rule 53(b), *supra*, provides that the reviewing court may for good cause relieve a party from default occasioned "by any failure to comply with the new rules, except the failure to give timely notice of appeal."

This court's attitude, in connection with relief from defaults generally, is set forth in *Jarkieh* v. *Badagliacco*, 68 Cal.App.2d 426, 431 [156 P.2d 969] : "In determining whether to relieve from default we are faced with two conflicting policies. There is, of course, a strong public policy in favor of hearing appeals on their merits and of not depriving a party of his right of appeal because of technical noncompliance where he is attempting to perfect his appeal in good faith. On the other hand, a respondent is likewise entitled to consideration. He is entitled to have the appellant proceed with expedition, and if the appellant fails to comply with the rules, to have the appeal dismissed. But this right to dismissal is not absolute, except for failure to file the notice of appeal. Under the rules, the trial court may grant extensions not to exceed 90 days, the appellate court may grant additional extensions (rule 45(c)), and the appellate court may relieve from default (rule 53(b)). In determining whether an appellant should be relieved from default, various factors must be considered such as the length of the default, the circumstances surrounding the default, the relative injury that will flow to either party by granting or denying the relief, the nature of the default and other factors. Each case must turn on its own facts, and precedents are of little value."

It appears from the affidavits filed herein that both trials of the instant cause were of great length, appellant's counsel specifically averring that the second trial lasted one month. Appellant's affidavit further states that her poverty, coupled with a permanent and disabling injury assertedly caused by respondent's negligence, necessitated her assumed right to proceed under rule 7 and that "(i)f appellant is considered to have been in default, it is by sheer inadvertence and mistake."

From the affidavit of respondent's counsel, it appears that difficulty was encountered in preparing a settled statement because of the inability of the reporter to locate several key items of testimony in the voluminous transcript, and that for this reason, in addition to the allegedly dilatory tactics of appellant, the settled statement is neither fair nor complete as

to the respondent. This does not appear to be of substantial import because in such a state of the record, it seems to us, respondent would have been in no better position had appellant correctly proceeded under rules 4 and 5. The reporter being unable to transcribe certain portions of the oral proceedings (rule 4(e)), appellant would have been authorized to move the trial court for leave to prepare a settled statement of the missing portions (rule 4(e), *supra*), thus placing the parties in substantially their present situation.

Respondent's chief complaint seems to be directed not so much to the manner in which the record was brought up as to its alleged insufficiency to reflect the oral proceedings below. In this regard respondent concedes that the trial court conducted "six sessions" lasting "over a period of several months" and made "great and sincere efforts" to settle the statement to the satisfaction of both parties. Furthermore, respondent has not pointed out a single particular in which the statement is deficient in content; and the trial court has certified the record as correct. Respondent's contention must give way in the face of such certification.

While disapproving appellant's departure from the procedure provided in rule 11(b), we nevertheless believe it to be excusable under the peculiar circumstances here existing. The instant case does not present the flagrant violation of the rules and time provisions thereof which confronted the court in *Russi* v. *Bank of America, supra*, relied on by respondent. In that case, a far different situation appeared, appellant first electing to proceed on the judgment roll alone and after all briefs had been filed, then sought a transcript under rule 4(a).

Respondent's next point relates to appellant's failure to give timely notice of election to proceed by narrative statement under rule 7, which provides that such notice must be given "within 10 days after filing the notice of appeal" (rule 7(a)). Appellant filed her notice of appeal on October 23, 1957, and, as heretofore pointed out, she took no further action respecting the prosecution of her appeal until November 26, 1957, some 34 days later, when she filed, as one document, a notice to prepare transcripts pursuant to rule 11 and a notice of intention to proceed by settled statement under rule 7. Through her counsel's affidavit, she seeks to justify this delay by referring to an order of the trial court, not appearing in the record, extending time for the preparation and filing of the notice for incorporation of the prior record (rule 11). It is alleged that such order had to be secured because

of the additional time required for the segregation of testimony read into evidence at the second trial (to be incorporated by reference under rule 11) from the remainder of the oral proceedings. According to a further averment by her counsel, such order "had the effect, it was *understood*, of extending time for Notice of Election under Rule 7." These averments are not denied by respondent, who first contends, without arguing the point, that the document dated November 26, 1957, does not in fact constitute a notice of election. Under rule 53(a), we are enjoined to liberally construe the requirements governing the appellate process, and find such contention without merit.

A more serious problem is presented by the departure from the time provision prescribed by rule 7. As stated in *Brock* v. *Southern Pac. Co.*, 74 Cal.App.2d 806, 809 [169 P.2d 402]: "The obvious purpose of this time limitation is to enable the parties to prepare the 'condensed statement of the oral proceedings' while the evidence is fresh in the memories of counsel." Respondent relies heavily on this and other pronouncements in the Brock case, in which a motion for relief from default was denied and the appeal dismissed on motion. Unlike the situation in the case at bar, appellant Brock initiated his appeal solely under the method authorized by rules 4 and 5, and five months later, after securing extensions of time to prepare his record, gave notice of election to proceed under rule 7. The court properly observed that respondent was unfairly imposed upon since there was nothing in the record to show that the second method was contemplated by either party until long after the time had expired. The record before us is otherwise. Appellant herein unequivocally gave notice of her intention to proceed in part by settled statement within 10 weeks after the motion for a new trial was argued. As appellant observes, the evidence should then have been reasonably fresh in the memory of respondent's counsel who personally participated in both trials. Furthermore, an "entirely different form of record" was not here involved. We are persuaded that the reasoning of the Brock case is inapplicable to the instant motion, and accordingly relieve appellant from the additional default herein discussed.

 Respondent's final contention concerns appellant's claimed violation of rule 45(b) which provides that time extensions granted by the superior court for the doing of any act involved in the preparation of the record "shall not exceed 90 days in the aggregate, and no single extension shall be for

a period in excess of 30 days.'' According to respondent, although the record is silent on most of such matters, appellant secured an extension of 25 days on October 28, 1957, and an additional 28 days on December 20, 1957, and still another additional 28 days on January 21, 1958; furthermore, says respondent, appellant took an extension of 23 days without benefit of court order, ''making a total of 104 (sic)days.'' Since we have already relieved appellant from defaults of an equally serious nature, we are disposed to accord her further relief as we are empowered to do under rule 53(b). We believe that the cumulative effect of these rule violations is outweighed by the fundamental principle that appeals, wherever possible, should be heard on their merits.

For the foregoing reasons the motion to dismiss is denied.

White, P. J., and Fourt, J., concurred.